Rena C. QUALLIS, Appellant,

v.

UNITED STATES, Appellee.

Nos. 91–CF–501, 94–CO–627.

District of Columbia Court of Appeals

Submitted Jan. 25, 1995.
Decided Feb. 23, 1995.

Brian C. Plitt, appointed by this court, Washington, DC, filed a brief, for appellant.

Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Elizabeth Trosman, Odessa F. Vincent, and Lilly Ann Sanchez, Asst. U.S. Attys., Washington, DC, filed a brief, for appellee.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and KERN, Senior Judge.

SCHWELB, Associate Judge:

Rena C. Quallis was convicted by a jury of kidnapping while armed, D.C.Code §§ 22–2101, –3202 (1989), and armed robbery, *id.* §§ 22–2901, –3202. Subsequently, she filed a motion pursuant to D.C.Code § 23–110 (1989) to vacate her conviction, alleging that her trial counsel was constitutionally ineffective. Following an evidentiary hearing, the motions judge denied her motion in a written order. Ms. Quallis appeals from her conviction (No. 91–CF–501) and from the denial of her post-trial motion (No. 94–CO–627). In

No. 91–CF–501 we affirm. In No. 94–CO–627, we remand for further proceedings.

## I.

 Ms. Quallis' convictions resulted from a violent confrontation between her and the complainant, a former boyfriend, in which the boyfriend was beaten with a baseball bat and severely injured. The prosecution claimed that Ms. Quallis and a paid confederate brutalized and robbed the complainant in revenge for his having broken off the relationship and for his alleged past beatings of Ms. Quallis. The defense contended that the complainant was molesting Ms. Quallis' young daughter, that he assaulted Ms. Quallis when she caught him in the act, and that she struck him with a baseball bat in self-defense and in defense of her daughter.

The direct appeal is based on the prosecution's alleged failure to provide the defense during discovery with certain incriminating statements allegedly made by Ms. Quallis to a police officer. Specifically, the officer testified at trial that Ms. Quallis admitted that she had planned the assault to punish the complainant, and that she had hired a confederate to help her beat him up. Although the defense had been provided, in advance of trial, with information that Ms. Quallis had made incriminating statements, the material furnished in discovery was considerably less detailed than the officer's eventual testimony. No disclosure was made, during discovery, that Ms. Quallis had allegedly admitted having paid a man to assist her in the beating.

 Ms. Quallis' trial counsel made no objection to the trial testimony, but instead reached an agreement with the prosecutor proscribing use of the material in closing argument. Assuming, without deciding, that the discovery provided by the prosecution was inadequate, *cf. Thomas v. United States,* 444 A.2d 952, 953 (D.C.1982), the lack of a defense objection narrows our review to a determination whether the trial judge com-

mitted plain error. *Cf. Irick v. United States,* 565 A.2d 26, 33 (D.C.1989). The error, if any, was not clear or obvious, there was no miscarriage of justice, and we discern no basis for reversal. *See United States v. Olano,* — U.S. —, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

## II.

 Although, at the trial court level, Ms. Quallis made numerous other allegations in her § 23–110 motion, her sole contention on appeal in No. 94–CO–627 is that her trial counsel was ineffective by failing to object at trial to the admission of the officer's testimony regarding that part of Ms. Quallis' alleged incriminating statement which was not provided in discovery. The motions judge did not address this contention in his Memorandum and Order denying the motion.[1] Ms. Quallis' trial counsel testified at the post-trial hearing that he made a tactical decision not to object because he did not believe that a mistrial would be granted and because the jury appeared to him to be favorable. The judge, however, made no finding as to the believability of counsel's testimony.[2] Accordingly, we remand the case to the motions judge for findings of fact and conclusions of law with respect to whether defense counsel's performance was constitutionally deficient in failing to object, *see Strickland v. Washington,* 466 U.S. 668, 687–89, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984), and whether Ms. Quallis was "prejudiced" in the *Strickland* sense, *id.* at 694, 104 S.Ct. at 2068.

## III.

For the foregoing reasons, the judgment in No. 91–CF–501 is affirmed. In No. 94–CO–627, the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

---

1. The judge wrote that this claim constituted an allegation of prosecutorial misconduct, rather than of ineffective assistance of trial counsel. In her § 23–110 motion, however, Ms. Quallis unambiguously alleged that "[t]rial counsel was *ineffective in failing to object* " to the testimony in question.

2. Tactical decisions gone awry can seldom, if ever, form the basis for a finding of constitutional ineffectiveness. *See, e.g., Carter v. United States,* 475 A.2d 1118, 1123 (D.C.1984).